UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY JONES, | |
| Petitioner, | Case No. 15 C 7034 |
| v. | Judge John Robert Blakey |
| ANGELA OWENS, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Gary Jones brings a Petition for Writ of Habeas Corpus ("Petition") [6] under 28 U.S.C. § 2241, challenging his loss of 205 days of good conduct time. Petitioner is serving an 86-month sentence for bank robbery, and he is presently housed at the Metropolitan Correctional Center, Chicago ("MCC Chicago"). Now before this Court is Respondent Angela Owens' motion to dismiss [9]. The motion is granted for the following reasons.

**I.     Facts**

Petitioner Gary Jones, a federal inmate serving an 86-month sentence for bank robbery, is presently set to be released from custody on February 7, 2016. Before arriving at MCC Chicago, Petitioner was housed at the Salvation Army Pathway Forward Residential Re-entry Center ("RRC"). On April 12, 18 and 19, 2015, while housed at the RRC, Petitioner received passes to leave the RRC and attend church or go to work. Petitioner was placed on GPS monitoring while away

from the RRC, and GPS data from the three days showed that Petitioner had deviated from the approved itinerary.

On April 20, 2015, the Bureau of Prisons issued three incident reports, charging Petitioner with violating Code 200 ("Escape (1 to 4 Hours)") for deviating from the approved itinerary on April 12, 18 and 19, 2015. On April 27, 2015, the Center Disciplinary Committee held a hearing on Petitioner's three incident reports. Petitioner admitted to his misconduct at the hearing, and the Committee found that Petitioner committed the acts of escape as charged. On July 28, 2015, the disciplinary hearing officer imposed sanctions. The hearing officer: (1) disallowed 81 days of good conduct time; (2) forfeited 124 days of non-vested good conduct time; and (3) removed Petitioner from the RRC for 180 days. Had Petitioner not lost this good conduct time, he would have been set to be released from custody on September 5, 2015.

Under the Bureau of Prisons' Administrative Remedy Program, there are two levels of appeal from the disciplinary hearing officer's decision. Appeals first are submitted to the Regional Director who must respond in 30 days, or, at the latest, within 60 days if an extension is warranted. 28 C.F.R. §§ 542.14(d)(2), 542.18. If dissatisfied with the Regional Director's decision, the inmate, as the final administrative step, can appeal to the Bureau of Prisons' General Counsel within 30 days. 28 C.F.R. § 542.15(a). The General Counsel must respond to the inmate's appeal within 40 days, or, at the latest, within 60 days if an extension is warranted. 28 C.F.R. § 542.18.

Following the first step in the Bureau of Prisons' Administrative Remedy Program, on August 6, 2015, Petitioner filed three administrative appeals with the Regional Director, arguing that his conduct did not constitute an "escape" under Code 200. On October 2, 2015, the Acting Regional Director denied Petitioner's appeal with respect to the first incident report, and, on October 5, 2015, she denied Petitioner's appeal with respect to the second and third incident reports. Consistent with 28 C.F.R. §§ 542.15 and 542.18, the Acting Regional Director informed Petitioner of his right to appeal her decision to the Bureau of Prisons' General Counsel within 30 days.

At the next step, during the 30-day window within which Petitioner had to appeal the Acting Regional Director's three decisions to the General Counsel, *see* 28 C.F.R. § 542.15(a), the General Counsel did not receive Petitioner's corresponding three appeals, which arrived over 50 days later on November 27, 2015. On December 8, 2015, the General Counsel rejected all three appeals. Two were tardy, and the third failed to attached the documentation required under 28 C.F.R. § 542.15(b)(1) (and was also untimely, though that was not a stated basis for the General Counsel's decision).

## II. Analysis

As a threshold matter, this Court must determine whether Petitioner exhausted his administrative remedies. While there is no statutory obligation to exhaust administrative remedies under Section 2241, the general common law rule is that Petitioner must exhaust his administrative remedies before seeking relief

3

from this Court. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The purpose of exhaustion is to protect administrative agency authority and to promote judicial efficiency. *Id.* at 1017-18. Exhaustion of administrative remedies is excused only when: (1) requiring exhaustion would cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) substantial constitutional questions are raised. *Gonzalez*, 355 F.3d at 1016; *see also Sanchez v. Miller*, 792 F.2d 694, 697-99 (7th Cir. 1986). Satisfying any exception is a "high" hurdle, *see Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)—one that Petitioner cannot clear.

With no real dispute that Petitioner failed to exhaust his administrative remedies, *see* Petition at 5-6, Petitioner instead invokes the first and fourth exceptions to exhaustion. Under the first exception, Petitioner argues that he should have been released from custody on September 5, 2015, and that his continuing imprisonment constitutes irreparable harm that requires this Court's immediate intervention. The flaw in this argument, as the Seventh Circuit emphasized in a similar context, is that inmates may receive quicker relief by following prison administrative procedures than by skipping ahead to federal court. *See Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (analyzing the Prison Litigation Reform Act's exhaustion requirement). Consider the timeline here for

4

example, where nearly four months (115 days) lapsed between August 7, 2015 (when Petitioner commenced this matter [1]) and November 30, 2015 (when Respondent's motion to dismiss became fully briefed [14]). By comparison, had Petitioner immediately appealed to the Bureau of Prisons' General Counsel, after the Acting Regional Director issued her decision on October 5, 2015, Petitioner would have received a decision by November 14, 2015, and certainly no later than December 4, 2015 if an extension was warranted. *See* 28 C.F.R. § 542.18. There is no evidence that the General Counsel would not have fairly and impartially considered the appeal and, if it had merit, ordered appropriate relief. Abandoning the administrative process, therefore, has caused the very prejudice Petitioner now seeks to avoid.

To show prejudice, Petitioner cites *Froman v. Cross*, No. 13-572, 2013 WL 3146940, at *1, 4 (S.D. Ill. June 19, 2013), but that case is inapposite. Unlike here, the inmate in *Froman* made an emergency request for injunctive relief and his Section 2241 petition was silent on the issue of exhaustion. In light of the emergency request, the Court, as part of its initial screening and as a precaution, excused the administrative exhaustion requirement at that time. *Id.* at *4. Once the petition had been fully briefed, however, the Court dismissed the petition without prejudice because the inmate had not exhausted his administrative remedies. *Froman v. Cross*, No. 13-572, 2013 WL 3771545, at *1, 3 (S.D. Ill. July 18, 2013). This Court reaches a similar conclusion here.[1]

---

[1] Petitioner also cites *Daniels v. Owens*, No. 15-5700, where the Court purportedly excused the *Daniels* petitioner's exhaustion requirement under similar circumstances. The

Under the fourth exception, Petitioner argues that he is raising a substantial constitutional issue, that is, his due process rights were violated. While administrative agencies may lack jurisdiction to adjudicate constitutional issues, in *Gonzalez*, 355 F.3d at 1017, the Seventh Circuit explained that the fourth exception does not apply when the basis of Petitioner's constitutional argument is statutory. Artful pleading cannot avoid the exhaustion requirement. *Gonzalez*, 355 F.3d at 1017-18; *Bafia v. Graber*, No. 04-5062, 2004 WL 2381870, at *3 (N.D. Ill. Oct. 19, 2004). Like the administrative agency in *Gonzalez*, 355 F.3d at 1017, here, the premise of Petitioner's constitutional argument is statutory: whether Petitioner's conduct is an "escape" under Code 200. Petitioner thus has failed to exhaust his administrative remedies, and no exception saves his claim.

As a final matter, Petitioner may argue that this Court's decision leaves him with no recourse in light of the Bureau of Prisons' General Counsel rejecting his untimely appeals on December 8, 2015. Under *Sanchez*, 792 F.2d at 697-99, to prevail on this argument, Petitioner must show both "cause and prejudice" to avoid the consequences of his procedural default. "Cause" means an external factor which prevented Petitioner from exhausting his administrative remedies. *Moon v. Walton*, No. 12-1152, 2014 WL 788895, at *2 (S.D. Ill. Feb. 27, 2014) (citing *Moore v. Casnerson*, 345 F.3d 474, 486 (7th Cir. 2003)); *Rizo v. Rios*, No. 11-1009, 2011 WL

---

petitioner in *Daniels* would have been released had he not lost good conduct time due to a disciplinary infraction. The Court did not issue any written opinions, and the parties here do not attach any transcripts from that case, so the basis of the Court's decision in *Daniels* is not part of this Court's record. In any event, *Daniels* would not change this Court's analysis. This Court sees no reason to excuse Petitioner's failure to exhaust, especially if Petitioner desired prompt relief. *See Gonzalez*, 355 F.3d at 1016-18.

2671465, at *2-3 (C.D. Ill. July 8, 2011) (also citing *Moore*).  No such external factor exists here, indeed, Petitioner's untimely appeals show that Petitioner was, in fact, able to appeal, but declined to do so in a timely manner.

**III.    Conclusion**

The Petition for Writ of Habeas Corpus [6] is dismissed without prejudice. The Clerk is directed to enter a Rule 58 Judgment in favor of Respondent and against Petitioner.  Civil case terminated.

Dated: December 22, 2015

                                                                                           Entered:

                                                                 United States District Judge